# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

## CASE NO.  14-3601

JAVIER LUIS                                          Plaintiff-Appellant

v.

AWARENESS TECHNOLOGIES                      Defendant-Appellee

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
CASE NO. 1:12-cv-629

---

**CORRECTED AMENDED BRIEF OF DEFENDANT-APPELLEE
AWARENESS TECHNOLOGIES**

---

Bernard W. Wharton 0063487
R. Gary Winters 0018680
McCASLIN, IMBUS & McCASLIN
632 Vine Street, Suite 900
Cincinnati, OH 45202
(513) 421-4646 Phone
(513) 421-7929 Fax
bwwharton@mimlaw.com
rgwinters@mimlaw.com

*Attorneys for Defendant-Appellee*

## DISCLOSURE OF CORPORATE AFFILIATIONS
## AND FINANCIAL INTEREST

Pursuant to Sixth Circuit Rule 26.1 Appellee makes the following disclosures:

1.     Is said party a subsidiary or affiliate of a publicly owned corporation?

     No.

2.     Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome?

     No.

/s/ Bernard W. Wharton           Date December 22, 2014
Attorney for Defendant-Appellee

i

## **TABLE OF CONTENTS**

Page

DISCLOSURE OF CORPORATE AFFILIATIONS     i
AND FINANCIAL INTERESTS

TABLE OF CONTENTS     ii

TABLE OF AUTHORITIES     iii

STATEMENT OF ISSUES PRESENTED FOR REVIEW     1

I.    STATEMENT OF THE CASE     2

    A.    Procedural Posture     2

    B.    Statement of Facts     3

II.    SUMMARY OF ARGUMENT     5

III.    ARGUMENT     6

    A.    Standard of Review     6

    B.    The District Court Properly Granted Awareness
        Technologies' Motion to Dismiss     8

        1.    The District Court Properly Evaluated Luis'
            Claims As The District Court Properly
            Applied The Pleading Standard for
            *Pro Se* Filers     8

        2.    There Was No Intercept As Defined By
            The Wiretap Act     9

Page

3.      There Is No Civil Liability For A Software
        And Distributor Under The Wiretap Act            12

IV.   CONCLUSION                                          15

      CERTIFICATE OF SERVICE                             16

      DESIGNATION OF RELEVANT DISTRICT
      COURT DOCUMENTS                                    17

## TABLE OF AUTHORITIES

|  | Page |
|---|---|
| 18 U.S.C. §2510 | 8,9 |
| 18 U.S.C. §2510(4) | 9 |
| 18 U.S.C. §2512 | 12,13,14 |
| 18 U.S.C. §2520 | 8,13,14 |
| 18 U.S.C. §2520(a) | 8,12 |
| 18 U.S.C. §2701 | 9 |
| *Ashcraft v. Iqbal*, 556 U.S. 662, 680 (2009) | 7 |
| *Bailey v. Bailey,* 2008 U.S. Dist. LEXIS 8565 (E.D. Mich. Feb. 6, 2008) | 10,13 |
| *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) | 6,7 |
| *BP Care, Inc. v. Thompson,* 337 F. Supp.2d 1021 (S.D. OH 2003) | 6 |
| *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 111 (3rd Cir. 2003) | 9 |
| *Frengler v. General Motors,* 482 F. Appx. 975, 976 (6th Cir. 2012) | 6, 8 |
| *Klumb v. Goan*, 884 F. Supp.2d 644 (E.D. Tenn. 2012) | 11 |
| *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868 (9th Cir. 2002) | 9 |
| *Lewis v. ACB Bus. Servs., Inc.* 135 F.3d 389, 406 (6th Cir. 1998) | 7 |
| *Martin v. Overton,* 391 F.3d 710, 712 (6th Cir. 2004) | 8 |

|                                                                                          | Page   |
|------------------------------------------------------------------------------------------|--------|
| *Potter v. Havlicek*, 2008 U.S. Dist. LEXIS 1211 (S.D. Ohio)                              | 13, 14 |
| *Searcy v. Microsoft Corp.,* 2005 U.S. Dist. LEXIS45863 (M.D. Fla.)                       | 13     |
| *Steve Jackson Games, Inc. v. United States Secret Serv.,* 36 F.3d 457 (5th Cir. 1994)    | 9      |
| *Thelfel v. Farey-Jones*, 359 F.3d 1066 (9th Cir. 2004)                                   | 9      |
| *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)                                       | 8      |
| *United States v. Steiger*, 318 F.3d 1039, 1047 (11th Cir. 2003)                          | 9, 10  |

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

Whether the District Court properly granted a software manufacturer's Motion to Dismiss on claims under the Wiretap Act because there is no civil liability for software manufacturers or distributors under the provisions of the Act providing for a private civil remedy.

1

## I.    STATEMENT OF THE CASE

### A.    Procedural Posture

This matter has a very convoluted procedural history.  Plaintiff Javier Luis ("Luis") *pro se* initiated this litigation in Florida by filing two separate Complaints against various Defendants in both state and federal courts.   His earlier filed state case was subsequently removed by the Defendants to federal court, and two cases involving some of the same parties were consolidated by the presiding District Judge in Florida.  The companion case to Luis' case is Case No. 1:11-cv-884.

On August 20, 2012, the District Judge in Florida granted motions to transfer the Luis case from Florida to the Southern District of Ohio, Western Division. (RE 63, PAGEID# 450-452)  Shortly thereafter, Defendant Awareness Technologies ("Awareness Technologies") filed a Motion to Dismiss for Failure to State a Claim on August 28, 2012. (RE 68, PAGEID# 479-492).  This motion was rendered moot when Luis filed an Amended Complaint to which Awareness Technologies filed another Motion to Dismiss on September 21, 2012.(RE 77, PAGEID# 522-536).  Luis then filed a response to that motion and Awareness Technologies filed a Reply in support of the motion. (RE 91, PAGEID# 653-672; RE 95, PAGEID#687-694). Then, with leave of Court, Luis filed a Sur-Reply. (RE 97-1, PAGEID# 699-716). Once the matter was fully briefed, the Magistrate Judge

2

issued a Report and Recommendation recommending that the Motion to Dismiss all claims against Awareness Technologies be granted. (RE 109, PAGEID# 748-765) The District Court Judge adopted that recommendation on June 20, 2014 and Luis took this appeal from that decision. (RE 162, PAGEID# 1173; RE 165, PAGEID# 1176-1177)

### B.    Statement of the Facts

As this case was decided on a motion to dismiss, all allegations in the Amended Complaint are presumed to be true.  In his Amended Complaint, Luis alleged that Awareness Technologies is a software "maker" that is located in Los Angeles, California and manufactures a computer monitoring software program called Web Watcher. (RE 39, PAGEID#313).  Luis further alleged that Awareness Technologies violated federal and state wire tapping laws when other individual defendants, unaffiliated with Awareness, purchased and installed the Web Watcher software on a home computer in Cincinnati, Ohio for the purpose of permitting defendant Joseph C. Zang to conduct electronic surveillance of his then wife, Cathy Zang.  (RE 39, PAGEID # 323-333).  Luis alleges that electronic communications originating from his computer in Florida were intercepted in transmission *via* Web Watcher to the computer used by Cathy Zang in Ohio. (RE 39, PAGEID# 327).

3

Web Watcher is key logger monitoring software program which records each key stroke the user types on a specific computer's key board and is marked as a parental monitoring tool. (RE 77, PAGEID# 526; RE 77 - 1 PAGEID# 538). Web Watcher can only be installed on a computer owned by the purchaser of the software and the installation requires physical access to the computer and knowledge of the password(s) required to access the computer. (RE 77, PAGEID# 526; RE 77-1, PAGEID# 538). Additionally, Web Watcher's terms and conditions require the customer to acknowledge and agree that the software is being installed on a computer he/she owns. (RE 77, PAGEID # 726; RE 77-1, PAGEID# 538).

After installation, Web Watcher records various activities that occur on the computer such as emails sent and received, website visited, key strokes in transcripts of on-line chats. (RE 77, PAGEID# 526-527; RE 77-1, PAGEID# 538). The recorded activity is then sent to an on-line account whereby, subject to password protection, it can be viewed by the Web Watcher subscriber from any computer with Internet access. (RE 77, PAGEID# 526-527; RE 77-1, PAGEID# 538). Web Watcher records activity occurring on a computer for review at a later date. (RE 77, PAGEID# 526-527; RE 77-1, PAGEID# 538). As opposed to an

4

actual wire tap device, a user of Web Watcher cannot view communications at the time such communication is transmitted. (RE 77, PAGEID# 526-527; RE 77-1, PAGEID# 538).

Luis alleges that his own computer in Florida may have been infected with spyware through Plaintiff's Internet communications with Cathy Zang which began in a metaphysics Internet chat room in January or February of 2009. (RE 39, PAGEID# 313, 332-335). Web Watcher had been installed on Joseph C. Zang's computer by Joseph C. Zang and not on Luis' computer. Luis alleges that his own communications with Cathy Zang were wrongfully intercepted through the use of Web Watcher software and that his violated the Federal Wiretap Act and comparable Ohio state laws.

## II.    SUMMARY OF THE ARGUMENT

The dismissal of Luis' claims against Awareness Technologies by the District Court was proper because Luis has no claim against Awareness Technologies under the Wiretap Act. The Magistrate Judge and the District Court properly evaluated Luis' claims as a *pro se* Plaintiff. Although *pro se* complaints are liberally construed and held to a less stringent standard than pleadings prepared by attorneys, the *pro se* filer must provide the opposing party with notice of the relief sought and it is not the District Court's responsibility to address claims never presented.

5

No intercept, as defined by the Wiretap Act, occurred with the use of Awareness Technologies' software. Luis has not established that there is an immediate ability to review data recorded by Awareness Technologies' software, thus, no intercept could occur as the capture of data is not contemporaneous with the transmission of the data. Furthermore, the Wiretap Act sections cited by Luis do not provide for civil liability for a software manufacturer or distributor. Therefore, the District Court properly adopted the Magistrate's recommendation that Awareness Technologies be dismissed.

Based on the foregoing, Awareness Technologies respectfully requests that the Court affirm the judgment of the District Court in its entirety and enter judgment in its favor and against Luis.

## III.    ARGUMENT OF LAW

### A.    Standard of Review

The granting of dismissal under Rule 12(b)(6) is reviewed under the *de novo* standard on appeal. *Frengler v. General Motors,* 482 F. Appx. 975, 976 (6th Cir. 2012). A motion to dismiss must be granted where, assuming that all the well-pleaded allegations are true, the complaint fails as a matter of law. *BP Care, Inc. v. Thompson,* 337 F. Supp.2d 1021 (S.D. OH 2003). In recent years, the Supreme Court has brought greater focus to the pleading standard holding that

factual allegations must be enough to raise the right to relief above the speculative level in a complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court has refined the *Twombly* standard as a "plausibility standard" in *Ashcraft v. Iqbal*, 556 U.S. 662, 680 (2009). Now, to survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Id*. at 681-682. A claim has plausibility on its face when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* This requires more than a mere possibility that a defendant has acted unlawfully and is insufficient for a complaint to plead facts that are merely consistent with a defendant's liability. *Id.*

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must provide more than labels and conclusions, and formulated recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555. The complaint must contain "either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory". *Lewis v. ACB Bus. Servs., Inc.* 135 F.3d 389, 406 (6th Cir. 1998). Luis' Complaint fails to comply with these standards.

**B.    The District Court Properly Granted Awareness Technologies' Motion to Dismiss**

  **1.    The District Court Properly Evaluated Luis' Claims As The District Court Properly Applied The Pleading Standard For *Pro Se* Filers**

  The Sixth Circuit liberally construes *pro se* complaints and holds said complaints to a less stringent standard than pleadings prepared by attorneys. *Martin v. Overton,* 391 F.3d 710, 712 (6th Cir. 2004).  However, this lenient treatment has limits.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).  Even a *pro se* pleading must provide the opposing party with notice of the relief sought, and it is not within the purview of the district court to conjure up claims never presented.  *Frengler v. General Motors,* 482 F. Appx. 975, 977 (6th Cir. 2012).

  In the instant case, Luis has graduated from law school and has demonstrated knowledge of legal concepts, claims and remedies.  (RE 142, PAGEID# 1057-1064; RE 150, PAGEID# 1109). Luis' Amended Complaint is drafted as if a practicing lawyer drafted it and contains Luis' claims specifically against Awareness Technologies.  (RE 39, p. ID# 310-352).  In the Amended Complaint, Luis only cites to Wiretap Act §§2510 and 2520 and the language used in the Amended Complaint clearly references only those two sections of the Wiretap Act for the claims Luis brought under the Wiretap Act.

8

## 2.    There Was No Intercept As Defined By The Wiretap Act

The Federal Wiretap Act, 18 U.S.C. §2510 *et seq.*, prohibits the interception of "any wire, electronic or oral communication through the use of any electronic, mechanical or other device." 18 U.S.C. §2510(4).  In 1986, Congress enacted the Electronic Communications Privacy Act ("ECPA") in order to extend the reach of the existing Wiretap law to transmissions of electronic data by computer.  This Act broke down the Wiretap Act into titles, Title 1 known as the Wiretap Act and Title 2 called the Stored Communications Act.  *See* 18 U.S.C. §2701, *et seq.*  In general, the Stored Communications Act protects communications that are "stored" electronically on computers but does not provide the same degree of protection as offered by Title 1.  Even under the new statutory scheme, every federal circuit court that has addressed this issue has consistently held that the statutory definition of "intercept" "encompasses only acquisitions contemporaneous with transmission."  *United States v. Steiger*, 318 F.3d 1039, 1047 (11th Cir. 2003); *Steve Jackson Games, Inc. v. United States Secret Serv.,* 36 F.3d 457 (5th Cir. 1994); *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868 (9th Cir. 2002); *Thelfel v. Farey-Jones*, 359 F.3d 1066 (9th Cir. 2004); *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 111 (3rd Cir. 2003).

The Magistrate properly noted that the Sixth Circuit has yet to address the

9

issue of whether the Wiretap Act prohibits the use of software known as "spyware" to obtain another person's emails and/or a record of other computer activities. As noted above, other federal courts have consistently held that the accessing of such electronic communications does not violate the Wiretap Act unless it is contemporaneous with the intended recipient's access. Thus, the "intercept" must occur before it reaches the intended recipient or contemporaneous with transmission, but not after it reaches that destination when presumably it is placed in electronic storage. *United States v. Steiger,* 318 F.3d 1039, 1047 (11th Cir. 2003).

There have been several district courts within the Sixth Circuit that have addressed this issue. *E.g., Bailey v. Bailey,* 2008 U.S. Dist. LEXIS 8565 (E.D. Mich. Feb. 6, 2008). In *Bailey,* an ex-husband installed key logging software on his personal computer to monitor the activity of his then wife. *Bailey* at *1. The district court granted the ex-husband's motion for summary judgment as to the alleged Wiretap Act violation brought by the ex-wife holding that he did not obtain the emails or messages contemporaneously with their transmission, and thus, the Wiretap Act did not apply.

Since it is required that the intercept occur contemporaneously with the transmission, the record must contain some evidence that Web Watcher performs

this contemporaneous interception. Unfortunately for Luis, the record does not have such information. As was noted in the affidavit of Brad Miller, CEO of Awareness Technologies, a user can only log into review recorded activity at a later date and does not provide the ability for a person to view electronic communications the moment they are seen by the intended user. (RE 77-1, PAGEID# 538).

The Magistrate Judge was correct in noting that the Sixth Circuit has not definitively spoken on this issue although it is conceded by all that there is a contemporaneous requirement as to the transmission of data for an "intercept" to have occurred. The *Klumb v. Goan* case cited by Luis is neither persuasive nor applicable here. The software in *Klumb* had different functionalities than Awareness Technologies' Web Watcher software program. Web Watcher does not have the ability to route data contemporaneous with its transmission. Instead, a user can only log in to review the recorded activity at a later date with Web Watcher. Accordingly, without the ability to view electronic communications the moment they are seen by the intended user, there is no satisfaction of the contemporaneous requirement.

It is also notable that the Magistrate's Report and the District Court's adoption made no finding that an "intercept" occurs through the use of Web

11

Watcher.  The record before the District Court was undisputed that Web Watcher has no contemporaneous functionality with respect to the transmission of electronic communications.  Based on the clear and undisputed evidence in the record, no "intercept" can occur through the use of Web Watcher.  Therefore, Luis cannot establish that an "intercept" has occurred.

### 3.    There Is No Civil Liability For A Software Manufacturer And Distributor Under The Wiretap Act

The Magistrate and the District Court properly found that Awareness Technologies cannot be deemed to have "intercepted" any of Luis' communications.  The Magistrate Judge noted that Luis argues for a theory of liability based upon prosecutions of other manufacturers of spyware/software, however, the Magistrate properly noted that civil liability under the Wiretap Act depends wholly on whether Congress intended to provide a private right of action for the violation alleged by Luis.

In his Amended Complaint, Luis generally referenced the civil remedies available under the Wiretap Act, however, Luis provided no legal authority contradicting the Sixth Circuit's universal holding that 18 U.S.C. §2520(a) did not provide a private right of action for criminal violations of 18 U.S.C. §2512. (RE 109, PAGEID# 762-763).  The federal courts that have examined this issue have

12

also found that statute language does not impose civil liability on software manufacturers and distributors for the activities of third parties. (See *Potter v. Havlicek,* 2008 U.S. Dist. LEXIS 122211 (S.D. Ohio); *Searcy v. Microsoft Corp.,* 2005 U.S. Dist. LEXIS45863 (M.D. Fla.).

Absent an "intercept" by Awareness Technologies, there is no civil liability for Awareness Technologies under this statute. In *Bailey v. Bailey,* the Eastern District of Michigan faced a similar factual situation to the instant case. In *Bailey,* the parties were former spouses that went through an acrimonious divorce. The defendant husband had installed a key logger's software program on the home computer which provided a treasure trove of evidence subsequently used in the divorce proceedings. The plaintiff wife sued alleging a violation of 18 U.S.C. §2512 against a John Doe defendant who supplied the key logger software. The district court examined the Wiretap Act and noted that 18 U.S.C. §2520 permitted a civil cause of action only when the violation of the statute resulted in the person's wire, oral or electronic communication being intercepted, disclosed or intentionally used. The allegations of a violation of 18 U.S.C. §2512 which addressed the manufacturer, distribution and advertising of wire, oral or electronic communication intercepting devices, did not provide a private right of action. Plaintiff wife attempted to use §2520, however, the district court found that the

clear language of that statute only dealt with the actual interception, disclosure, or use of electronic communications and while §2512 simply dealt with the manufacture, sale and possession of particular devices which had nothing to do with the actual interception, disclosure or use of electronic communication. Accordingly, the John Doe defendant was entitled to summary judgment.

In *Potter v. Havlicek*, 2008 U.S. Dist. LEXIS 12211 (S.D. Ohio), a software manufacturer was sued in a third party complaint by a defendant who had been sued by the plaintiff who had had communications with the defendant's ex-wife that the defendant had recorded through the use of the third party defendant's software. In this case, the district court found that §2520 did not contemplate imposing civil liability on software manufacturers and distributors for the activities of third parties. The court also noted that §2512 does not provide a private cause of action for its violation that §2520 cannot be used to bootstrap a civil cause of action for an alleged violation of §2512. The district court went even further to find that the software did not meet the definition of "any electronic and/or other device" that is made illegal in §2512.

In his brief, Luis makes no argument concerning the lack of civil liability for software manufacturers or distributors under the Wiretap Act. Instead, Luis simply states over and over that Awareness Technologies enters into a criminal conspiracy with the purchaser of its software to intercept a third party's electronic

communications. Luis provides no legal authority to support this assertion nor does he provide any evidence to support his allegations on how the Web Watcher software operates. Indeed, Luis has failed to point to any court that has held a software manufacturer or distributor liable under the Wiretap Act for the acts of a third party in using that software manufacture's or distributor's produce. Since the Wiretap Act imposes civil liabilities on the person or entity doing the intercepting, Awareness Technologies cannot be held liable since it does not do any of the alleged intercepting of electronic communications. Accordingly, the District Court properly adopted the Magistrate's recommendation that Awareness Technologies be dismissed as there is no civil liability under the Wiretap Act for the claims of Luis.

## IV.    CONCLUSION

For the foregoing reasons, Awareness Technologies respectfully requests that this Court affirm the District Court's ruling dismissing Luis' claims against Awareness Technologies.

Respectfully submitted,

/s/ Bernard W. Wharton
Bernard W. Wharton   0063487
R. Gary Winters 0018680
McCaslin, Imbus & McCaslin
632 Vine Street, Suite 900
Cincinnati, OH 45202
(513) 421-4646 phone
(513) 421-7929 fax
bwwharton@mimlaw.com
*Attorneys for Defendant-Appellee*
*Awareness Technologies*


## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of December, 2014, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  A copy of this document is being sent by U. S. Mail to *pro se* Appellant Javier Luis, 4414 West Minnehaha Street, Tampa, Florida 33614-3638.

/s/ Bernard W. Wharton
Bernard W. Wharton 0063487
R. Gary Winters   0018680
McCASLIN, IMBUS & McCASLIN
632 Vine Street, Suite 900
Cincinnati, OH 45202
(513) 421-4646 phone
(513) 421-7929 fax
rgwinters@mimlaw.com
bwwharton @mimlaw.com
*Attorneys for Defendant  Awareness*
*Technologies*

16

## DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

- Amended Complaint, RE 39, Page ID##. 313-335

- Order on Motion to Change Venue, RE 63, Page ID##. 450-452

- Defendant Awareness Technologies Motion to Dismiss For Failure To State a Claim, RE 68, PageID## 479-492

- Defendant Awareness Technologies Motion to Dismiss For Failure to State a Claim of the July 20, 2012 Lead Amended Complaint, RE 77, Page ID## 522-536

- Affidavit of Brad Miller, RE 77-1, Page ID# 538

- Plaintiff's Response in Opposition Re Motion to Dismiss For Failure To State a Claim of the July 20, 2012 Lead Amended Complaint RE 91, Page ID## 653-672

- Reply To Response to Motion To Dismiss For Failure To State a Claim Of The July 20, 2013 Lead Amended Complaint, RE 95, Page ID## 687-694

- Plaintiff's Sur-Reply To Defendant Awareness Technologies' Reply, RE 97-1, Page ID## 699-716

- Magistrate's Report and Recommendations, RE 109, Page ID## 748-765

- District Court Order Adopting Report and Recommendations, RE 162, Page ID # 1173

- Plaintiff's Notice of Appeal, RE 165, Page ID#1176-1177